UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN WILLIAM HANSON III, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 3:21-CV-390-TAV-JEM ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is petitioner's pro se motion for recusal [Doc. 9]. Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. … *Not* establishing bias or partiality … are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal

> judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id*. at 555.

The plaintiff has the burden of establishing objective evidence of bias, *i.e.*, whether a reasonable person, knowing all the surrounding circumstances, would consider the judge impartial. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1992 WL 99456, at *5 (6th Cir. May 12, 1992); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases [and] … arises out of the judge's background and associations." *Sammons*, 918 F.2d at 599 (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989)).

The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

Plaintiff's primary arguments in favor of recusal are merely a disagreement with the undersigned's rulings. This is precisely within the scope of the Supreme Court's admonition in *Liteky* and is not a basis for disqualification. Accordingly, Plaintiff has not

2

Case 3:21-cv-00390-TAV-JEM   Document 16   Filed 08/19/22   Page 2 of 3   PageID #: 258

met his burden of establishing objective evidence of bias, and his motion to recuse [Doc. 9] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
