UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN WILLIAM HANSON III, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 3:21-CV-390-TAV-JEM |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is petitioner's motion for reconsideration [Doc. 20], of the Court's order denying his motion to vacate, set aside, or correct sentence, 28 U.S.C. § 2255 [Docs. 18, 19], and petitioner's motion for change of venue [Doc. 21]. For the reasons stated below, petitioner's motions [Docs. 20, 21] will be **DENIED**.

**I.  Reconsideration**

Two of the Federal Rules of Civil Procedure relate to motions for reconsideration: Rule 59(e) and Rule 60(b). Petitioner has not stated under which rule he seeks relief. Rule 59(e) permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted). Rule 60(b) allows a court to relieve a party from a final judgment for specific reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, petitioner has not raised any valid ground for reconsideration under either Rule 59(e) or Rule 60(b). On January 11, 2023, the Court denied petitioner's § 2255 motion on two grounds: (1) petitioner was not "in custody" as required by § 2255 when he filed his motion; and (2) petitioner's § 2255 motion was barred by the applicable limitations period [Doc. 18]. Petitioner now asks the Court to reconsider its decision by re-arguing various factual matters related to the underlying criminal case, none of which are relevant to the Court's ultimate ruling on the § 2255 motion [Doc. 20]. In fact, the only statement in petitioner's motion for reconsideration that could be deemed to address the Court's prior holding is his allegation that he is "imprisoned inside the Constitution" [Doc. 20, p. 14], an argument that clearly does not overcome the fact that petitioner was not "in custody" at the time he filed his § 2255 motion. Because petitioner has set forth no grounds for the Court to reconsider the reasons for its denial of his § 2255 motion, his motion for reconsideration [Doc. 20] will be **DENIED**.

The Court will **CERTIFY** that any appeal from the denial of this motion for reconsideration would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Further, because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## II. Venue

Petitioner also requests a change of venue, asking the Court to transfer this case to the Middle District of Tennessee [Doc. 21]. First, the Court notes that this case is closed, and therefore, there is nothing to transfer to the Middle District of Tennessee. Moreover, pursuant to § 2255, motions filed under that section must be filed in "the court which imposed the sentence," 28 U.S.C. § 2255(a), which, in this case, is this Court [*See* Case No. 3:18-cr-61, Doc. 67]. And, even if the Court had any authority to transfer this case to another venue, petitioner has set forth no grounds supporting his request for such. Accordingly, petitioner's motion for a change of venue [Doc. 21] will be **DENIED**.

## III. Conclusion

For the reasons set forth above, petitioner's motion for reconsideration [Doc. 20] is **DENIED**. The Court will **CERTIFY** that any appeal from the denial of this motion would not be taken in good faith and would be totally frivolous, and this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Further, because petitioner has failed to make a substantial showing of the denial of a constitutional

right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  Finally, petitioner's motion for a change of venue [Doc. 21] is **DENIED**.

IT IS SO ORDERED.

<pre>                              s/ Thomas A. Varlan               
                              UNITED STATES DISTRICT JUDGE</pre>